IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Richard George Martin, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 17-1064 |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

ORDER

This matter is now before the Court on pro se Petitioner Richard George Martin's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), Motion to Request Counsel, which is included in the § 2255 motion., and Motion to Expand the Record Pursuant to Rule 7(a) (ECF No. 3). For the reasons set forth below, the Court DIRECTS Respondent to respond to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and his Motion to Expand the Record. Furthermore, it DENIES Petitioner's Motion to Request Counsel.

DISCUSSION

A. Motion to Vacate, Set Aside, or Correct Sentence

Petitioner is currently incarcerated in Pine Knot, Kentucky at the McCreary United States Penitentiary. He was convicted of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Marijuana by a jury before this Court. *See* Case No. 11-10064 ECF No. 261. Petitioner was sentenced to life. *Id.* Petitioner argues he was denied effective counsel and was "sentenced in violation of due process of law." ECF No. 1 at 4.

In order for the Court to fairly and equitably rule on the merits of Petitioner's claim, the Court orders Respondent to show cause, if any, within twenty-one (21) days of this Order, why said motion should not be granted with respect to Petitioner's claims. After Respondent has filed its response, Petitioner is ordered to file any traverse or reply to the response within twenty-one (21) days after service of said response to him. The Court admonishes Petitioner that, pursuant to 28 U.S.C. § 2248, failure to reply to the response will cause the Court to take the allegations in the response to the Motion to Vacate, Set Aside, or Correct Sentence as true except to the extent that the Court finds from the evidence that they are not true.

IT IS FURTHER ORDERED that Petitioner shall serve upon Respondent a copy of every further pleading or other document submitted for the Court's consideration. Petitioner shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Respondent or its counsel. Any paper received by this Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

IT IS FURTHER ORDERED that Petitioner immediately notify the Court of any change in his mailing address. Failure to notify the Court of any change in his mailing address will result in dismissal of this lawsuit with prejudice.

### B. Motion to Request Counsel

Also within Petitioner's Motion to Vacate, Set Aside, or Correct sentence is a motion for appointment of counsel. *See* ECF No. 4 at 7–8. When faced with a request to appoint counsel, this Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case (both factually and legally), does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc) (*citing*

2

*Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). This Court "must consider both halves of this equation—the difficulty of the case and the competence of the litigant." *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 660). Here, Petitioner has not demonstrated a reasonable attempt to obtain counsel and has not shown he is effectively precluded from doing so. Furthermore, his case does not appear so factually or legally difficult as to require the appointment of counsel. In fact, he has shown in his memorandum an ability to address the facts and legal issues in this case. Accordingly, his motion is DENIED.

### C. Motion for Status Hearing

Also on February 8, 2017, Petitioner filed his Motion to Expand the Record Pursuant to Rule 7(a) (ECF No. 3). The Court DIRECTS Respondent to respond to the Motion to Expand the Record within 21 days of this Order.

### CONCLUSION

For the reasons set forth above, the Court DIRECTS Respondent to respond to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1) and his Motion to Expand the Record (ECF No. 3) and DENIES Petitioner's Motion to Request Counsel.

ENTERED this 8th day of February, 2017.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge